UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

(HON. PAMELA K. CHEN)

-------------------------------------------------------X

UNITED STATES OF AMERICA,

              Case No.: 1:14-CR-189

    Plaintiff,

 -against-          ***DEFENDANT'S NOTICE OF MOTION***

ALBERTO RANDAZZO,      **(ORAL ARGUMENT &**
                    **EVIDENTIARY HEARING REQUESTED)**

    Defendant.

-------------------------------------------------------X

TO:  KELLY T. CURRIE, UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK

    TYLER J. SMITH, ASSISTANT UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK

---

**ALBERTO RANDAZZO'S MOTION TO SUPPRESS EVIDENCE**

---

                     ANTHONY J. DIFIORE, ESQ.
                     The Quinn Law Firm
                     Attorney(s) for Alberto Randazzo
                     399 Knollwood Road, Suite 220
                     White Plains, New York 10603
                     (t)(914) 997-0555
                     (f)(914) 997-0550
                     adifiore@quinnlawny.com

**TABLE OF CONTENTS**

Preliminary Statement ……………………………………………………………    3

Statement of Facts ……………………………………………………………….    3

       The Government's Pre-Warrant Actions and Searches
       in Violation of Randazzo's Fourth Amendment Rights...................    6

Argument ………………………………………………………………………    11

POINT I …………………………………………………………………………….    11

    RANDAZZO HAD A REASONABLE EXPECTATION OF PRIVACY
    IN THE ELECTRONIC DATA CONTAINED ON HIS DEVICES AND
    AOL ACCOUNT, ALL OF WHICH WERE PASSWORD PROTECTED,
    CONSEQUENTLY, THE GOVERNMENT'S WARRANTLESS SEARCH
    WAS UNCONSTITUTIONAL AS IT LACKED "VIRTUAL CERTAINTY"

POINT II …..……………………………………………………………………….    15

    ZERELLO ACTED AS AN AGENT OF THE GOVERNMENT WHEN
    SHE UNLAWFULLY OBTAINED EVIDENCE; EVIDENCE THE
    GOVERNMENT KNEW THEY WOULD NOT HAVE BEEN ABLE
    TO OBTAIN WITHOUT A VALID SEARCH WARRANT

CONCLUSION ……………………………………………………………………….    17

**PRELIMINARY STATEMENT**

There are several areas of concern relative to the search warrants issued in this case as well as the manner and means in which law enforcement obtained evidence against Defendant Alberto Randazzo ("Randazzo") throughout their hurried investigation of this case. Mr. Randazzo states law enforcement violated his Fourth Amendment right to be free from unreasonable government intrusion.

Searches conducted in violation of Mr. Randazzo's Fourth Amendment rights require those searches and the fruits therefrom be suppressed under Wong Sun v. United States, 371 U.S. 471, 487–88 (1963).

Due to the complexity of the constitutional issues raised herein, and the Government's failure to provide Mr. Randazzo with evidence in their possession which would shed light on these issues, Mr. Randazzo requests an evidentiary hearing.

**STATEMENT OF FACTS[1]**

On Friday, February 15, 2013 members of the New York City Police Department Internal Affairs Bureau ("IAB") executed a search warrant at Randazzo's apartment located at 23-15 31st Street, Apt. #3R, Astoria, New York. (*annexed hereto as* **Exhibit "A"** *is a copy of said search warrant which was signed on February 15, 2013 at 5:54pm by the Hon. John Zoll, Queens Criminal Court – USA 369-371*).

---

[1] In support of the instant Motion, Mr. Randazzo relies herein, in part, upon facts obtained from the government's discovery documents for purposes of argument only and specifically reserves his right to challenge all such facts.

During the execution of the search warrant, IAB seized various electronic devices, including but not limited to the following: a Toshiba laptop , several Apple iPhones, two (2) Sony cameras , memory sticks and a Motorola cell phone. (*Annexed hereto as **Exhibit "B"** is a complete list of the property seized – USA 503*).

On February 18, 2013, Sgt. Leon Lian of IAB Group #7 searched the hard drive of the Toshiba laptop computer seized from Randazzo's apartment by performing a forensic examination of same. The "preliminary forensic report" indicates that the search yielded results including digital images and video that contained various sex acts involving children. (*Annexed hereto as **Exhibit "C"** is a copy of IAB's Preliminary Forensic Report" – USA 497*).

Based upon the foregoing, on February 18, 2013, Randazzo was placed under arrest. He was arraigned on Tuesday, February 19, 2013 under a felony complaint bearing Docket No.: 2013QN009089 and charging him with the following: 11 Counts - Use of a Child in a Sexual Performance (NY Penal Law Section 263.05); 23 Counts - Promoting a Sexual Performance by a Child (NY Penal Law Section 263.15; and 23 Counts – Possessing a Sexual Performance by a Child. (*Annexed hereto as **Exhibit "D"** is a copy of the felony complaint*). Randazzo entered a "not guilty" plea and was released on a $40,000 bond.

On February 27, 2014 at approximately 2:10pm, the Hon. Joan M. Azrack signed a search warrant for Randazzo's apartment located at 23-15 31st Street, Apt. #3R, Astoria, New York. (*annexed hereto as **Exhibit "E"** is a copy of said search warrant and its corresponding affidavit in support*).

On or about February 28, 2014, Randazzo was arrested by federal agents and arraigned under a one count federal complaint bearing Docket No.: 14-mj-192 charging him with violations of 18 USC 2252(a)(2) and 2252(b)(1) – Receipt of Child Pornography. Randazzo entered a not guilty plea and, after a detention hearing on March 4, 2014 before the Hon. Magistrate Ramon E. Reyes, was remanded without bail. (*Annexed hereto as **Exhibit "F"** is a copy of said complaint*).

On March 28, 2014, Randazzo was indicted under Indictment No.: 14-cr-189(PKC) charging him with three (3) counts of Receipt of Child Pornography [18 USC 2252(a)(2) and 2252(b)(1)] and one (1) count of Possession of Child Pornography [18 USC 2252(a)(4)(B) and 2252(b)(2)]. (*Annexed hereto as **Exhibit "G"** is a copy of said indictment*).

On October 24, 2014, by way of superseding indictment 14-cr-189 (PKC)(S-1), Randazzo was charged with one (1) count of Conspiracy to Sexually Exploit a Child [(18 USC 2251(e)]; three (3) counts of Receipt of Child Pornography [18 USC 2252(a)(2) and 2252(b)(1)]; and one (1) count of Possession of Child Pornography [18 USC 2252(a)(4)(B) and 2252(b)(2)]. (*Annexed hereto as **Exhibit "H"** is a copy of the superseding indictment*).

Finally, on May 4, 2015, approximately two (2) years and three (3) months after IAB's initial search of Randazzo's apartment, the Government obtained a search warrant to search the items seized at Randazzo's apartment. (*annexed hereto as **Exhibit "I"** is a copy of said search warrant and its corresponding affidavit in support USA 502-538*).

The Government's May 4, 2015 search warrant application was based entirely upon IAB's original February 15, 2013 search warrant application/affidavit of Sergeant Iris Perez

5

("Perez"). *(annexed hereto as **Exhibit "J"** is a copy of Perez's application/affidavit for a search warrant – USA 372-379).*

Because the gravamen of this motion to suppress relates to government action that preceded the issuance of the February 15, 2013 warrant (*Exhibit "A"*), we will now address the relevant "pre-warrant" time period - January 27, 2013 and February 14, 2013.

### The Government's "Pre-Warrant" Actions and Searches in Violation of Randazzo's Fourth Amendment Rights

On or about January 2013, Randazzo was involved in a relationship with Jenny Zerello ("Zerello"), who he met in October of 2012 on Match.com.

On January 27, 2013, Zerello was staying at Randazzo's apartment located at 23-15 31st Street, Astoria, New York. At approximately 3:20am, Randazzo was awoken by Zerello who illegally accessed his cell phone and viewed his text messages. Zerello was upset by some of Randazzo's text messages with other women. Zerello stated that she was sorry for going into Randazzo's cell phone because she had no right to do so. She no longer wanted to discuss the matter and left the apartment.

At this time, Randazzo owned an iPhone and maintained an email address with AOL. Randazzo's iPhone and AOL account were password/passcode protected - at no time during the course of their relationship did Randazzo give Zerello permission to access his iPhone or AOL account. Furthermore, at no time during the course of their relationship did Randazzo share his iPhone passcode or his AOL password with Zerello.

Randazzo always expected that his iPhone and AOL account, and the digital contents therein, were private. To this end, he maintained a steel lockbox in his apartment to store his

username, passwords, etc. Randazzo's expectation of privacy with respect to his iPhone and AOL account is reasonable in light of today's technology and the vast amount of personal information that can be stored on these modern devices.

Zerello admits to illegally hacking into Randazzo's iPhone and reading his private text messages on January 27, 2013 at approximately 3:48am. At or about the same time, Zerello also stole Randazzo's AOL password, taking a picture of it with her phone. She did this with the intent to unlawfully access my AOL account. (*See Exhibit "J" Perez Affidavit USA 374-375*)

Between January 27, 2013 and February 12, 2013, Randazzo had several text conversations with Zerello trying to reconcile their relationship culminating in an "in-person" meeting at a Chili's restaurant on February 9, 2013.

During this same time period of January 27, based upon the nature of the text messages Randazzo was receiving from Zerello, it became apparent to him that she was being coached, aided, assisted or otherwise encouraged by law enforcement. Because Zerello's brother-in law, Will Mauro ("Mauro") is a Detective in the Westchester County Police Department. Randazzo immediately thought that she was being coached, aided, assisted or otherwise encouraged by Mauro. In fact, Zerello admits to "confiding" in her brother-in-law. (*See Exhibit "J" Perez Affidavit USA 374*).

Coincidentally, at or about this time, Randazzo began to receive electronic alerts that someone was accessing his AOL account. At this point, it was obvious and apparent that Zarello and Mauro were seeking to obtain incriminating statements from Randazzo. Randazzo asked to speak with Zerello by phone rather than text and she would not allow that, this Randazzo found to be highly unusual for her.

7

On February 9, 2013, Randazzo met with Zerello at a Chili's restaurant, she immediately started asking many questions about Randazzo's sexual fantasies. Zerello appeared to be overly interested in knowing all of Randazzo's sexual fantasies and desires. It was unusual for Zerello to ask questions of this nature since it was generally not of her character and she had also been very upset over one specific fantasy text Randazzo had shared with another woman. At this point, it was clear that Zerello's intent was to obtain incriminating statements from Randazzo.

On February 10, 2013, Zerello and Randazzo began texting again. Again, at her initiative, the conversation quickly turned into her desire to know Randazzo's sexual fantasies. Zerello had mentioned some specific acts that she had done in the past as well as sexual acts she wanted to do. Based upon her unusual openness regarding these topics and her persistent prodding, Randazzo immediately realized that it was likely not Zerello with whom he was texting.

On or about February 12, 2103, Zerello anonymously contacted IAB and reported that she viewed a text message between Randazzo and unknown woman that stated "that he wanted to have sex with the woman in her son's bed so that his scent could stay on the child's bed." Zerello also admits to unlawfully accessing Randazzo's email account, although she mentions an incorrect address, [2] and finding "inappropriate" pictures of mothers and their children. (*See* Exhibit "J" *Perez Affidavit USA 374*).

On or about February 12, 2013, Sgt. Perez of IAB traces the anonymous call back to Zerello and contacts her by phone. Sgt. Perez also interviews Zerello "in person" on February 13, 2013 and again "by telephone" on February 14, 2013. (*See* Exhibit "J" *Perez Affidavit USA 374-375*).

---

[2] The referenced email address in the search warrant application of Sgt. Iris Perez is SCIARA76@YAHOO.COM, this is not my Randazzo's email address. (USA 374).

During Sgt. Perez's interview of Zerello, Zerello makes many statements that she attributes to Randazzo, however, none of these purported statements describe unlawful conduct. (*See Exhibit "J" Perez Affidavit USA 374-375*).

For example, Zerello tells Sgt. Perez that Randazzo sent her a "random photo" of a woman cradling her infant with her hand placed in his crouch. That photo is not child pornography and was taken off of a match.com users profile. In fact, Zarello herself commented by text stating "well it def looks like a regular pic to me baby, but yeah its sexy." (*annexed hereto as **Exhibit "K"** is a copy of that text conversation – USA 261*).

Additionally, Zerello indicates that Randazzo texted her "it would be really hot if you could take a picture with your son with your hands on his waistline". ." (*annexed hereto as **Exhibit "L"** is a copy of that text conversation – USA 247*). Here again, while some would find this request odd or unusual, there is nothing illegal about it. These statements, and their inclusion in Sgt. Perez's search warrant application, served no other purpose than to inflame, prejudice and mislead Judge Zoll in Queens Criminal Court.

At some point, prior to February 15, 2013 at 5:54pm[3], Zerello sends and/or allows Sgt. Perez to access Randazzo's AOL account and/or search the content of the data and /or images that she illegally obtained by hacking Randazzo's AOL account. The existence of these "pre-warrant" searches is corroborated by Sgt. Perez in her affidavit wherein she states "I later observed in some of the communications she sent to me…" (*See Exhibit "J" Perez Affidavit USA 375*). Furthermore, Sgt. Perez admits to accessing the emails that were illegally forwarded from Randazzo's AOL account (*See Exhibit "J" Perez Affidavit USA 376*). Finally, IAB's "preliminary forensic report" referenced the fact that Zerello sent Perez either four (4) or seven

---

[3] This is the date and time that Judge John Zoll signed a search warrant in Queens Criminal Court. (USA 379).

9

(7) images prior to the existence of a warrant. (*Annexed hereto as Exhibit "C" is a copy of IAB's Preliminary Forensic Report" – USA 497*).

It should be noted that the Government is in possession of evidence that may shed some light on the issues surrounding the actions law enforcement officers took prior to the issuance of a search warrant - the same actions which Randazzo believes requires suppression. This evidence includes, but is not limited to: IAB Logs and written reports/recordings of interviews with the original complaining witness. However, the Government has taken the position that these materials are not discoverable (*annexed hereto as **Exhibit "M"** is a copy of the Government's position letter in this regard*) and IAB has taken the position that their Departmental case against Randazzo is an "on-going investigation" and therefore, Randazzo is not entitled to discovery at this time. These stonewalling tactics are severely prejudicing my client and thwarting the substantial ends of justice and fairness herein.

Finally, the affidavit of Randazzo coupled with the documentary evidence contained herein strongly suggests that Zerello's brother-in-law, Mauro, a Westchester County Detective, and/or Sgt. Perez coached, aided, assisted or otherwise encouraged Zerello in a manner consistent with Zerello acting as an agent of law enforcement.

Based upon the foregoing, and the legal arguments that follow, Randazzo respectfully requests that all evidence obtained against him by the Government, and the fruits thereof, be suppressed pursuant to Wong Sun v. United States, 371 U.S. 471, 487–88 (1963).

Alternatively, Randazzo respectfully requests this Honorable Court to: direct the Government to turn over all evidence in their possession related to these issues; hold an evidentiary hearing with regard to these issues; and allow him the opportunity to submit post-hearing briefs on these issues prior to the issuance of the Courts decision.

# ARGUMENT

## POINT I

### RANDAZZO HAD A REASONABLE EXPECTATION OF PRIVACY IN THE ELECTRONIC DATA CONTAINED ON HIS DEVICES AND AOL ACCOUNT, ALL OF WHICH WERE PASSWORD PROTECTED, CONSEQUENTLY, THE GOVERNMENT'S WARRANTLESS SEARCH WAS UNCONSTITUTIONAL AS IT LACKED "VIRTUAL CERTAINTY"

The Fourth Amendment "protects two types of expectations, one involving 'searches,' the other 'seizures.' A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." United States v. Howe, 2011 WL 2160472 *citing* United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). In support of his motion to suppress the physical evidence seized from the electronic data contained in his devices and AOL account, Randazzo challenges the search thereof; thus, Randazzo contends that law enforcement violated his privacy rights in his electronic devices and the data contained therein.

Randazzo also contends that the physical evidence seized from his laptop computer should be suppressed on the grounds that his privacy interests were violated by the two warrantless searches that occurred before the state search warrant was issued on February 15, 2013 and, therefore, Randazzo also moves to suppress all subsequent evidence retrieved by the Government in their subsequent searches as the fruit of the warrantless searches.

The Fourth Amendment guarantees the right to be free from unreasonable searches and seizures. *U.S. Const. amend. IV*. A defendant seeking to suppress evidence on the basis of an illegal search must demonstrate by a preponderance of the evidence that he had a reasonable expectation of privacy in the location or items searched. Rakas v. Illinois, 439 U.S. 128, 143, 99

S.Ct. 421, 58 L.Ed.2d 387 (1978); United States v. Hamilton, 538 F.3d 162, 167 (2d Cir.2008); United States v. Perea, 986 F.2d 633, 639 (2d Cir.1993). This expectation of privacy must be both subjectively and objectively reasonable—that is, the defendant must have a subjective expectation of privacy and that expectation must be one that is deemed objectively reasonable by society at large. United States v. Hamilton, 538 F.3d at 167; United States v. Fields, 113 F.3d 313, 320 (2d Cir.), cert. denied, 522 U.S. 976, 118 S.Ct. 434, 139 L.Ed.2d 334 (1997).

In the case at bar, Randazzo has submitted an affidavit stating that he had a reasonable expectation of privacy in "his iPhone and AOL account" which he considered "to be reasonable in light of today's technology and the vast amount of personal information that can be stored on these modern devices." (*Randazzo Affidavit*, ¶9). Furthermore, Randazzo demonstrated this expectation of privacy by keeping is iPhone and AOL account password protected, by not sharing his password with anyone and by not allowing anyone to access his iPhone and AOL account. (Randazzo Affidavit, ¶s5,6,7,8).

Courts have routinely recognized that individuals possess objectively reasonable expectations of privacy in the contents of their computers. *See, e.g.*, United States v. Lifshitz, 369 F.3d 173, 190 (2d Cir.2004) ("[i]ndividuals generally possess a reasonable expectation of privacy in their home computers") (collecting cases); Leventhal v. Knapek, 266 F.3d 64, 73 (2d Cir.2001) (office computer); United States v. O'Brien, 498 F.Supp.2d 520, 535 (N.D.N.Y.2007) ("modern society certainly recognizes a reasonable expectation of privacy in personal home computers"), aff'd, 303 F. App'x 948 (2d Cir.2008). Further, Randazzo's use of a password to protect his iPhone, AOL account and the files thereon demonstrates his subjective expectation of privacy in the content of those devices. *See*, United States v. Buckner, 473 F.3d 551, 554 n. 2 (4th Cir.) (user of leased computer had a reasonable expectation of privacy in password-

12

protected files), cert. denied, 550 U.S. 913, 127 S.Ct. 2119, 167 L.Ed.2d 830 (2007).

The "private search doctrine" states that the protections of the Fourth Amendment do not apply to a warrantless search or seizure "effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any government official." United States v. Jacobsen, 466 U.S. 109, 113 (1984) . However, if law enforcement has knowledge or acquiesces to the search; and the intent of the party performing the search is to gather incriminating evidence, then the "private search doctrine" does not apply. *United States v. Bowers*, 594 F.3d 522, 525-526 (6th Cir. 2010) (citing United States v. Hardin, *supra*, 539 F.3d 404, 418 (6th Cir. 2008)).

Here, the evidence strongly suggests, and corroborates Randazzo's Affidavit, that law enforcement, namely, Zerello's brother-in-law, Mauro, was involved with the "pre-warrant" search of Randazzo's AOL account. Furthermore, it was clear that their intent was to obtain incriminating statements from Randazzo. To this end, Randazzo points out the following:

> 1) During the time period of January 27, 2013 and February 12, 2013, based upon the nature of the text messages I was receiving from Zerello, it became apparent to me that she was being coached, aided, assisted or otherwise encouraged by law enforcement;
>
> 2) During this same above-referenced time period, January 27, 2013 and February 12, 2013, I began to receive electronic alerts that someone was accessing my AOL account;
>
> 3) On February 9, 2013, I met with Zerello at a Chili's restaurant, she immediately started asking many questions about my fantasies. Zerello appeared to be overly interested in knowing all of my fantasies and sexual desires... . At

13

this point, it was clear that Zerello's intent was to obtain incriminating statements from me; and

4) On February 10, 2013, Zerello and I began texting again. Again, at her initiative, the conversation quickly turned into her desire to know my fantasies. Zerello had mentioned some specific acts that she had done in the past as well as sexual acts she wanted to do. Based upon her unusual openness regarding these topics and her prodding me for information, I immediately realized that it was likely not her I was texting.

(*Randazzo Affidavit*, ¶s12-16)

Furthermore, the evidence suggests that Sgt. Perez directed Zerello to provide her with data and/or emails from Randazzo's account – information Sgt. Perez knew was illegally obtained and information Sgt. Perez knew she could not otherwise lawfully obtain without a valid search warrant.

Recently, in United States v. Lichtenberger, 786 F.3d 478 (6th Circuit 2015) suppression of evidence was upheld since there are extensive privacy interests at stake in searches of a laptop and because the officer had far less than "virtual certainty" regarding what he was going to see…"

At the time Sgt. Perez opened the electronic file and images that were provided to her by Zerello there was no way she could have "virtual certainty" that those files and the images contained thereon contained child pornography. Admittedly, Zerello's initial complaint to Sgt. Perez had only indicated that she has viewed lawful, albeit strange, text conversations and that she had found "inappropriate" pictures of mothers and their children. (Exhibit "J", Sgt. Perez Search Warrant Affidavit – USA 374).

**POINT II**

ZERELLO ACTED AS AN AGENT OF THE GOVERNMENT WHEN SHE UNLAWFULLY OBTAINED EVIDENCE; EVIDENCE THE GOVERNMENT KNEW THEY WOULD NOT HAVE BEEN ABLE TO OBTAIN WITHOUT A VALID SEARCH WARRANT

The Fourth Amendment regulates state actors. Therefore, private parties are only bound by its requirements insofar as they operate as de facto state actors. As the Supreme Court explained in United States v. Jacobsen, *supra*, the Fourth Amendment is "wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any government official."

However, "one way for a private party to "act as an agent of the Government" is through legal compulsion….[a]nother way for a private party to "act[ ] as an agent of the Government" is to perform searches with an intent to assist law enforcement. And, while the law in this area is unsettled, and has not been addressed in the Second Circuit, the Sixth Circuit has concluded, for example, that a private actor's reason for performing a search must be "entirely independent of the government's intent to collect evidence for use in a criminal prosecution" to escape Fourth Amendment scrutiny. Similarly, the Ninth Circuit has held that an otherwise-private search must comply with the Fourth Amendment if "its purpose [is] to elicit a benefit for the government in either its investigative or administrative capacities." United States v. DiTomasso, 81 F.Supp.3d 304 (2nd Cir. 2015); United States v. Attson, 900 F.2d 1427, 1431 (9th Cir.1990).

The Sixth Circuit uses a two-factor analysis to determine whether a private party acts as an agent of the government: 1) the government's knowledge or acquiescence to the search; and 2) the intent of the party performing the search. United States v. Bowers,

594 F.3d 522, 525-526 (6th Cir. 2010) (*citing* United States v. Hardin, *supra*, 539 F.3d 404, 418 (6th Cir. 2008)).

Here again, the evidence strongly suggests that Zerello had confided in Mauro, a Westchester County Detective, who was actively assisting Zerello in attempting to obtain incriminating evidence against Randazzo. During this same time period, the inquisitive nature and content of Zerello's text messages; her unusual questions during an "in-person" meeting; and the fact that Randazzo was receiving electronic alerts that a third-party was accessing his AOL email account on the heels of Zerello's admitted theft of Randazzo's passwords all weigh heavily in favor of "government involvement" with the requisite "investigative intent". (*See, Randazzo Affidavit* and *Exhibit "J"* - Sgt. Perez Search Warrant Affidavit).

Additionally, evidence in the form of statements made on IAB's Preliminary Forensic Report (indicating four (4) to seven (7) images were sent to Sgt. Perez during the "pre-warrant" period) and Sgt. Perez's own affidavit confirm that Zerello, at the direction of Sgt. Perez, sent Sgt. Perez emails and data content that she searched – despite knowing that this information was unlawfully obtained and well aware of the fact that she could not otherwise obtain this information without a valid search warrant. (*See, Exhibit "J"* - Sgt. Perez Search Warrant Affidavit).

Based upon the foregoing, Zerello acted as an agent for two government officials – Mauro and Perez – and, as such, the "private search doctrine" ought not apply to the facts and circumstances of this case. Accordingly, the warrantless searches performed by Mauro and Perez were unconstitutional and all evidence, and the fruit thereof, should be suppressed pursuant to Wong Sun v. United States, 371 U.S. 471, 487–88 (1963).

16

## **CONCLUSION**

For the reasons set forth above, Mr. Randazzo requests an evidentiary hearing to explore violations of his Fourth Amendment rights. Mr. Randazzo requests the Court suppress all evidence obtained or derived from violations of his Fourth Amendment rights. Mr. Randazzo also requests the opportunity to submit additional briefing and raise any additional issues supporting suppression at the conclusion of the evidentiary hearing.

Dated:  October 9, 2015
    White Plains, New York

                    Respectfully submitted,

                    *Anthony J. DiFiore*

                    _____
                    Anthony J. DiFiore, Esq. (AD 7956)
                    The Quinn Law Firm
                    Attorney(s) for Alberto Randazzo
                    399 Knollwood Road, Suite 220
                    White Plains, New York 10603
                    (t)(914) 997-0555
                    (f)(914) 997-0550
                    adifiore@quinnlawny.com

## **CERTIFICATION OF SERVICE**

**ANTHONY J. DIFIORE, ESQ.**, an attorney duly admitted to practice law before the Courts of the United States, Eastern District of New York, affirms the following under penalty of perjury.

That I am the attorney for Defendant Alberto Randazzo in the above-entitled action; that I am not a party to this action; and that on the 9th day of October, 2015, I served the annexed **MOTION TO SUPPRESS EVIDENCE**, by ECF, to the following:

> AUSA Tyler J. Smith
> United States Attorney's Office
> Eastern District of New York
> 271 Cadman Plaza East
> Brooklyn, New York 11201

Dated:  October 9, 2015
         White Plains, New York

*Anthony J. DiFiore*
_____
Anthony J. DiFiore, Esq.